JIN YAN LIU, Petitioner,

v.

Michael B. MUKASEY, Attorney General of the United States, Respondent.

No. 07–5459–ag.

United States Court of Appeals, Second Circuit.

June 25, 2008.

H. Raymond Fasano, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director; Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Yan Liu, a native and citizen of the People's Republic of China, seeks review of a November 8, 2007 order of the BIA affirming the November 29, 2005 decision of Immigration Judge ("IJ") Philip L. Morace denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Yan Liu,* No. A 79 290 544 (B.I.A. Nov. 8, 2007), *aff'g* No. A 79 290 544 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

### I. Asylum and Withholding—Family Planning Claim

■ Substantial evidence supports the agency's finding that Liu did not demonstrate a well-founded fear of persecution in China on account of the birth of her U.S. citizen daughter. The IJ reasonably found that although the background materials indicated that forced sterilizations and abortions occurred, the record did not indicate that an individual would be subjected to sterilization after having only one child. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185 (2d Cir.2006). Indeed, the 2005 State Department Profile of Asylum Claims and Country Conditions for China (the "2005 Profile") states that it had been common practice for women to undergo sterilization after the birth of their second child, but that an increasing number of birth planning clinics gave patients a range of birth control options.

In the absence of "solid support" in the record of a likelihood that Liu would be persecuted due to her U.S. citizen child, the agency's denial of her application for asylum was proper. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005). Because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim based on the birth of her daughter, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and CAT relief, to the extent they shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

### II. CAT—Illegal Departure Claim

■ Substantial evidence supports the agency's determination that Liu failed to

establish eligibility for relief under the CAT. The IJ accurately observed that the background materials in the record indicated that the treatment of illegal emigrants returning to China from the United States ranged from "lengthy detentions and custodial abuse while being detained to mere administrative detention until such time as individual family [could] pay the fine and have them released." The 2005 Profile reports that Chinese nationals returned to China from the United States are detained only long enough for relatives to arrange their travel home, that fines are rare, and that U.S. officials have not confirmed any cases of abuse of such persons. Accordingly, the agency reasonably found that Liu failed to establish that it was more likely than not she would be tortured if returned to China. *See* 8 C.F.R. § 1208.16(c); *see also Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

### III. *Membership in a Particular Social Group*

Liu asserts in her brief to this Court that, if she is returned to China, she will be persecuted as a member of a particular social group comprising Chinese citizens repatriated after illegally entering the United States. She explains that her fear is based on "the way she would be perceived by Chinese authorities upon her repatriation to China." Liu argues that the BIA "did not correctly analyze" her claim, instead finding that she feared punishment under a "law of general applicability" for her illegal departure from China. To the extent Liu's argument is distinguishable from her argument that she is eligible for relief based on her illegal departure, we decline to review it because it was never raised before the IJ in the first instance. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir. 2007).

### IV. *Motion to Remand*

■ We find no abuse of discretion in the BIA's denial of Liu's motion to remand. A motion to remand that does not simply articulate the remedy sought on appeal will be held to the substantive standards applicable either to a motion to reconsider or to reopen. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). This Court reviews the denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

In her brief to the BIA, submitted on January 3, 2007, Liu asserted that she would "soon" have her second child. In support of that assertion, she submitted a photocopy of a document titled "Pregnancy Verification" dated June 26, 2006, which indicates that the "EDC" was "12/30/06." In light of the fact that Liu failed to submit the original pregnancy verification, the document provided minimal information, and the "EDC" date, which was unexplained, had already passed by the time Liu filed her motion, the BIA properly found that this evidence did not meet the standards for reopening under the federal regulations. *See* 8 C.F.R. § 1003.2(c). As such, the BIA properly denied Liu's motion. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.